### W. M. Enfield v. The State.

#### No. 7569.   Decided April 11, 1923.

**Rape—Penetration—Degrees of Offense—Charge of Court—Requested Charge.**

Where, upon trial of rape, upon a female under age of consent, the evidence on the question of penetration was contradictory, and there was evidence which raised the issues of assault with intent to rape, and aggravated assault, and defendant requested a charge upon these latter issues which was refused, the same is reversible error.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of statutory rape; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*J. E. Newberry* and *A. H. Mount* for the appellant.—Cited; Davis v. State, 42 Texas 226; Davis v. State, 43 id., 189; Taylor v. State, 50 Texas Crim. Rep., 362; Washington v. State, 51 id., 542; Duckworth v. State, 42 id., 94; McGee v. State, 21 Texas Crim. App., 670; Word v. State, 12 id., 183; Blair v. State, 56 S. W. Rep., 622; Galaviz v. State, 198 id., 946.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of penetration; Fitzgerald v. State, 20 Texas Crim. App., 294; Rogers v. State, 30 id., 528; Boyd v. State, 163 S. W. Rep., 68.

MORROW, Presiding Judge.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of twenty years.

The subject of the rape is a little girl nine years old.   According

to her testimony, she went to the home of the appellant several times and he, on different occasions, fondled her person, but did nothing else; that he had never done anything save with his finger. Thereafter responding to a number of persistent leading questions propounded by State's counsel, she said that he put his private in hers a little, at least she made a statement from which that inference might be drawn.

Touching the facts which would support a conviction for rape, that is, touching the essential matter of penetration, her testimony is contradictory. She testified to facts showing that there was no penetration a number of times, but finally admitted that there was penetration to a small extent, and from her testimony the jury might have believed that he had fondled her person in an indecent manner and that he touched her privates with his own, but might not have believed there was penetration.

The appellant was an old man, and the circumstances detailed by the State witnesses were such as to inflame the minds of the jury against him. In other words, there would have been great reluctance on the part of the jury to acquit him. Had the court, however, complied with the request of the appellant to instruct the jury upon the law of assault with intent to rape and aggravated assault, the verdict might have been for one of those grades of offense. If the appellant's conduct went no further than indecent familiarity, his offense was no more than aggravated assault. Mooring v. State, 90 Texas Crim. Rep., 129; Price v. State, 90 Texas Crim. Rep., 534; Stoker v. State, 93 Texas Crim. Rep., 24. If it went further and was in execution of an immediate purpose at that time to accomplish the act of sexual intercourse, it was an assault with intent to rape. Cromeans v. State, 59 Texas Crim. Rep. 611. If it was carried to the extent of penetration, however slight, the offense was rape. Galaviz v. State, 82 Texas Crim. Rep. 378. The evidence, in our judgment, clearly raised these issues and it was incumbent upon the court to embrace them in the charge. Counsel for appellant requested that it be done and excepted to the charge of the court because of its failure to do so. He did the things that the law pointed out to advise the court of the omissions and to induce him to supply them.

The refusal of the court to submit to the jury the issues of assault with intent to rape and aggravated assault was error prejudicial to the appellant requiring a reversal of the judgment, which is ordered.

*Reversed and remanded.*