SILAS STEVENS V. THE STATE.

No. 20605. Delivered December 6, 1939.

The opinion states the case.

*Kirby, King & Overshiner* and *W. E. Martin,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant stands charged by indictment with the offense of rape; penalty assessed at confinement in the penitentiary for five years.

The prosecutrix, Mrs. Novice Anderson, is a widow twenty-two years of age. According to her testimony, a stranger came to the door of her home in Abilene, Texas, at night time and asked her to go riding with him to another city. This she declined to do because he was a stranger to her. He then invited her to go to his car to see some of her friends, but when she reached it, she found no one there. The appellant pushed her into the car and compelled her to ride with him for several miles through the city and to its outskirts, and upon reaching a secluded roadway, he compelled her to get into the back seat of his car where he undertook by force to have sexual intercourse with her. She described her efforts to prevent him from accomplishing his fiendish purpose. Her story is horrifying, and if given full credit by the jury, it justifies the infliction of the severest penalty.

Without detailing further the story she gave, it is sufficient to say that her description of what took place and her conclusion that his private parts penetrated hers, at least, raises a question of fact for the jury to pass on as to whether or not the penetration actually took place. In fact, a reading of the record would justify a serious doubt as to the correctness of her belief that there was penetration. At most the jury may have found either way under her testimony.

Appellant asked that the court submit the issue of assault to rape, which he refused to do. By proper bill of exception the question is brought before us for consideration. We think the appellant was entitled to this charge because there was evidence before the jury upon which they may reasonably have found him guilty of the lesser offense. The fact that they assessed only a five-year penalty under a charge of rape would indicate that in the minds of the jurors there was great doubt as to a completed transaction of rape having taken place. There is no other

way to justify the penalty if we are to give credit to the jury for being average jurors. Whatever might have been their reason, the failure of the court to give the charge, under the facts of the case as it was before them, on assault to rape is error for which the case must be reversed.

On the question of the refusal of the court to instruct the jury on assault with intent to rape, it is stated in Tex. Jur. Vol. 35, p. 875, Sec. 81, as follows:

"Where the evidence so warrants, the defendant is entitled to have the jury instructed as to any lesser offense included in the one charged and for which he is tried. Thus, in a prosecution for rape, issues of assault with intent to rape, of aggravated assault and of simple assault should be submitted whenever they are raised by the evidence."

In the case of Enfield v. State, 94 Tex. Cr. R. 226, it was held:

"Where, upon trial of rape, upon a female under age of consent, the evidence on the question of penetration was contradictory, and there was evidence which raised the issues of assault with intent to rape, and aggravated assault, and defendant requested a charge upon these latter issues which was refused, the same is reversible error."

Vigorous complaint is made also by appellant in numerous bills of exception because of the statements appearing in the closing argument of the District Attorney. Inasmuch as the case is being reversed upon other grounds, it does not become necessary to enter into a discussion of these bills in this opinion. The bills, as approved by the court, contain evidence of enthusiasm turned loose without sufficient restraint to insure that the prosecuting attorney would stay within reasonable bounds, and it is not to be expected that he will so indulge himself upon another trial. It is hardly thinkable that the same complaints could be made again.

Counsel for the State should know that any statement made or any series of statements which, taken together, are not based upon the evidence in the case and which create any prejudice in the minds of the jury against the party on trial will bring to a fruitless end his energetic and enthusiastic efforts. If the court should have a reasonable doubt as to whether or not such argument creates undue prejudice in the minds of the jury, it will be its duty to require that a new trial be given to the party who may have thus been injured by such argument. The privilege of arguing a case before a jury by either side is a

valuable one, but the responsibility to stay within due bounds is certain and definite.

Complaint is also made of the question asked the appellant while on the witness stand as to whether or not he had a few days prior to the alleged offense approached another party and asked him to join in finding some women with whom they could make a date. There is nothing in this question that aids in any way the identification of the appellant as the party, or any other issue in the case. This was followed by the State's calling the witness, presumably for impeachment purposes, to testify to such a conversation which was contradictory to the answer given by the appellant. Under the authorities, the State was bound by the answer which the appellant gave and could not impeach him on immaterial matters. See Branch's Ann. Tex. P. C., p. 97, Art. 165; page 102, Art. 168, and p. 104, Art. 171; also cases there cited.

While the appellant was on the stand as a witness in his own behalf, he was asked by the District Attorney if he was not at that time under indictment for rape upon Marie Myrick. The question was a proper one only so far as it asked if he were then under indictment for rape. It would be error to go into the case and certainly served no proper purpose by calling for the name of the injured party. Later, the prosecuting attorney called to the witness stand a party named Marie Myrick and asked her three questions, neither of which elicited an answer pertinent to anything in the case. If we are to assume, as we should, that the District Attorney expected to elicit pertinent testimony from this witness, then he would, of course, have had a right to place her on the stand and ask her the questions. Since it is now shown that she knew nothing of the case and of the parties involved, this should not occur upon another trial. It, therefore, becomes unnecessary for us to give further consideration to the bill complaining of this action.

Because of the errors committed, the judgment of the trial court is reversed and the cause remanded.