**Freddie DANIELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43468.**

Court of Criminal Appeals of Texas.

March 10, 1971.

scene of the alleged attack. The officer did not ask for nor was he offered the torn undergarments or coat. An examination at a hospital followed. The attending physician did not testify, but the prosecutrix's mother who was present related on cross-examination the doctor found the vagina intact, no bruises, lacerations, no trauma, no sperm but said she had been "touched."

■■ In his initial ground of error appellant challenges the sufficiency of the evidence to sustain the conviction. He contends he was charged pursuant to Article 1183, Vernon's Ann.P.C., and was convicted pursuant to Article 1162, V.A.P.C. Appellant takes the position that the evidence reflects a completed act of rape as charged while the conviction was for assault with intent to rape. He recognizes the rule that where a lesser included offense is alleged a conviction therefor may be sustained upon proof of facts showing the consummation of a greater offense, but contends the reverse is not true.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for assault with intent to rape where the punishment was assessed by the court at 15 years.

The indictment charged statutory rape but the jury, under instructions permitting them to do so, found the appellant guilty of the lesser included offense.

The record reflects that on March 13, 1968, the prosecutrix, who was 14 years old at the time, got off a bus in the city of Houston and started walking toward her school two blocks away. She related that she observed appellant, whom she had seen at least on one previous occasion, following her; that as she neared the school she was grabbed from behind, a sharp instrument placed against her neck and she was pulled into the back yard of a house. There her undergarments were removed and she was raped. She admitted that during the course of the attack her coat had been thrown over her head. Following the attack the prosecutrix returned to the bus stop and when she reached home she made an outcry to her mother who called the police. The investigating officer returned the prosecutrix and her mother to the

Article 37.08, Vernon's Ann.C.C.P., provides: "In a prosecution for an offense including lower offenses, the jury may find the defendant not guilty of the higher offense, but guilty of any lower offense included."

Article 37.09, V.A.C.C.P., provides in part:

"The following offenses include different degrees:

"1. * * *

"7. Every offense against the person includes within it assaults with intent to commit said offense, when such attempt is violation of the penal law."

Article 40.03, V.A.C.C.P., also reads in part:

"New trials, in case of felony, shall be granted for the following causes, and for no other:

"1. * * *

"9. Where the verdict is contrary to the law and evidence. A verdict is not contrary to the law and evidence, within the meaning of this provision, where the defendant is found guilty of an offense of inferior grade to, but of the same nature as, the offense proved."

It has been held that under an indictment charging rape, a conviction may be had for assault with intent to rape. Tackett v. State, 136 Tex.Cr.R. 445, 125 S.W.2d 603; Keeton v. State, 149 Tex.Cr.R. 27, 190 S.W.2d 820; Schroeder v. State, 92 Tex.Cr.R. 7, 241 S.W.2d 169. Even a conviction for aggravated assault may be sustained under an indictment charging rape though the evidence may establish the offense of rape. Carter v. State, 121 Tex. Cr.R. 493, 51 S.W.2d 316. Cf. Carr v. State, 158 Tex.Cr.R. 337, 255 S.W.2d 870; Nielson v. State, Tex.Cr.App., 437 S.W.2d 862.

Ground of error #1 is overruled.

Next, appellant urges "[t]he trial court committed reversible and fundamental error by overruling the Defendant's objection and motion to retire the jury and to permit the complaining witness on voir dire examination to establish illegal and unlawful in-court identification."

Appellant's counsel candidly admits, in light of the rulings of this court, he was not as particular nor as specific in his statements to the court as he should have been to apprise the court that he was questioning the in-court identification upon the basis of a prior lineup or photographic identification. We agree. And he made no later effort to perfect his informal bill of exception or to offer proof under the provisions of Article 40.09, Sec. 6(d) (1), V.A.C.C.P., so as to reflect what he intended to show if he had been permitted a voir dire examination. No motion for new trial was filed.

The prosecutrix made a positive in-court identification of the appellant as her assailant, as the man who followed her, grabbed and dragged her to the scene of the assault, even though during the actual attack her coat was over her head. She revealed that she had seen him on at least one, perhaps on two, previous occasions. She described him to the investigating officer as being a Negro male 5' 5", "heavy muscular build, short hair, wide mustache, deep voice" and gave a description of his clothing. She informed the officer she could identify her assailant if she saw a photograph of him.

After such in-court identification the State made no effort to bolster such identification by testimony relating to a lineup or photographic identification.

On cross-examination of the prosecutrix appellant's counsel established that she had been shown a series of photographs by the police and that she had selected therefrom a picture of the appellant whom she believed had a mustache in the picture, but she volunteered he had shaved it off before she saw him "at a lineup."

The State then called policewoman Duty who related she had shown the prosecutrix "maybe" fifty pictures which included several of the appellant and the prosecutrix "pulled" one of appellant's pictures. She was also asked:

"Q. Actually, he (appellant) wasn't filed on until she (prosecutrix) actually saw the man herself, was he, Mrs. Duty?

"A. No, sir."

We find nothing in the testimony to indicate the photographic identification was suggestive or conducive to irreparable mistaken identification or do we understand appellant to so claim. Certainly the mere showing of pictures prior to a lineup is not a denial of due process. Evans v. State, Tex.Cr.App., 444 S.W.2d 641.

Appellant contends there is no testimony regarding a "lineup" in the record. We agree with the exception of the two references already made herein. We do not find that the appellant, in his ground of error as to the court's failure to heed his

objection and voir dire request, to contend that the lineup in question was conducted in violation of the principles of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L. Ed.2d 1178, and that such lineup was in fact conducted in absence of counsel or waiver thereof.

We observe the prosecutrix had adequate opportunity to observe her assailant, whom she had seen on a previous occasion, prior to the assault upon her. Further, there is nothing to indicate any discrepancy (except as to a mustache) between the description given the police on the date of the alleged offense and the actual appearance of the accused, nor was there any identification of another person between the alleged offense and trial or a failure to identify the appellant on a prior occasion. It is true the prosecutrix was shown a number of pictures from which she readily made an identification, but nothing in such procedure indicates it affected her identification of the appellant. The lineup briefly referred to indicates it was held approximately four months after the alleged offense. "The lapse of time between the act and the lineup identification is not sufficient here standing alone to render identification inadmissible and is only one factor to be considered." Evans v. State, Tex.Cr.App., 444 S.W.2d 641.

■ We have concluded that the record before us furnishes clear and convincing proof that the in-court identification was of an independent origin. Returning the case to the trial court to determine if counsel was present at the lineup or had been waived, etc., would be an unnecessary waste of judicial time and effort. This is so because we are able to declare our belief, on the record before us, that the error, if any, was harmless beyond a reasonable doubt. Chapman v. California, 386 U. S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, 715; Gilbert v. California, supra; Harrington v. California, 395 U.S. 250, 89 S. Ct. 1726, 23 L.Ed.2d 284. ·

■ We again adhere to our holding in Martinez v. State, Tex.Cr.App., 437 S.W. 2d 842, and the trial courts are admonished to follow the suggested procedure. The inquiry as to the status of the in-court identification is most properly made in the trial court, with the burden upon the State, when the same is properly objected to and the trial court's attention is directed thereto.

■ Lastly, appellant complains of the failure of the court to require the State "to produce the alleged photographs of the defendant which was the basis of the charge brought against the defendant."

After the prosecutrix on cross-examination testified she could recognize the photograph of the appellant which she had selected during photographic identification process if she saw it again, appellant's counsel made demand upon the State for "that particular photograph." The prosecuting attorney denied having possession of such a photograph and repeated the denial when the court subsequently inquired. The court then overruled the motion for the production of such photograph. There is nothing in the record to show that the prosecutor in fact had possession of any photograph. See Bryant v. State, Tex.Cr. App., 423 S.W.2d 320.

Later when policewoman Duty testified she revealed she had a picture of the appellant with her but could not say that it was the one the prosecutrix "pulled." No effort was made to obtain the picture from the witness nor was a request made to have the witness produce any other photographs of the appellant which were apparently in her possession.

Under these circumstances, we perceive no error.

Ground of error #3 is overruled.

Finding no reversible error, the judgment is affirmed.

ODOM, J., not participating.