Manuel GARCIA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–216–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1982.

Migdalia Lopez, Edwin Randolph Fleuriet, Harlingen, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION ON MOTION FOR REHEARING

KENNEDY, Justice.

On the State's motion for rehearing, we withdraw our original opinion and issue the following in its stead.

Appeal is taken from a conviction for burglary of a habitation for which punishment was assessed at ten years' imprisonment. We affirm.

Approximately two and one half hours after the burglary, the witness Rodriguez, who had encountered the intruder on the premises, was shown a photo spread of five individuals by the police, from which he selected a picture of appellant. At this point appellant was already in custody, although he had been neither arraigned nor indicted. Prior to trial, appellant made a written motion to suppress evidence regarding this out-of-court identification, requesting a hearing out of the presence of the jury for the purpose of hearing evidence concerning the pretrial identification procedure. Such requests were not granted.

In 1969 our Court of Criminal Appeals held:

"Whether in-court or courtroom identification is tainted or not by pretrial identification is most properly made in the trial court. The initial decision as to the reliability of the identification procedure is and should be within the discretion of the trial court which has the unique opportunity to evaluate the witnesses and to get the feel of the case.

It is recommended that in future trials before a jury, once the in-court identification of the accused is sought to be introduced and the court is apprised that the identification is questioned on the basis of a prior police station or lineup identification, *then upon motion of the defense counsel a hearing should be held outside the presence of the jury.* The issue of admissibility should be determined before such evidence is placed before the jury." *Martinez v. State,* 437 S.W.2d 842, 848. (Emphasis supplied.)

It is presently the position of the State that the language in *Martinez* constitutes a suggestion, and that holding the hearing when requested is not mandatory. We agree.

■ The United States Supreme Court has recently held that a judicial determination outside of the presence of the jury of the admissibility of identification evidence may often be advisable, but the Constitution does not require a per se rule compelling such a procedure in every case. *Watkins v. Sowders,* 449 U.S. 341, 101 S.Ct. 654, 659, 66 L.Ed.2d 549 (1981). Where a question of federal constitutional law has been settled by that Court, its effect is binding upon us. *Oregon v. Haas,* 420 U.S. 714, 719, 95 S.Ct. 1215, 1219, 43 L.Ed.2d 570 (1975); *White v. State,* 543 S.W.2d 366, 367 (Tex.Cr. App.1976). *Martinez,* supra, upon which appellant's argument under this ground of error hinges, turned on just such a federal constitutional question. 437 S.W.2d at 848.

■ Additionally, the Court of Criminal Appeals has had occasion since rendering

*Martinez* to address the issue of the trial court's refusal to hold a hearing when requested to do so. See *Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Cr.App.1973); *Daniels v. State,* 464 S.W.2d 368, 371 (Tex.Cr.App. 1971). We have examined the record in the case before us and hold that error, if any, was harmless.[1]

■ In his second ground of error appellant questions the sufficiency of the evidence to establish the element of intent, contending that there is no direct evidence concerning it. Intent to commit theft is an essential element of the offense of burglary which must be proved in order to sustain a conviction therefor. *Greer v. State,* 437 S.W.2d 558, 559 (Tex.Cr.App.1969). However, specific intent is hardly ever provable by direct evidence, *Samuel v. State,* 477 S.W.2d 611, 614 (Tex.Cr.App.1972), and may be inferred from circumstantial evidence. *Simmons v. State,* 590 S.W.2d 137, 138 (Tex. Cr.App.1979); *Williams v. State,* 537 S.W.2d 936, 938 (Tex.Cr.App.1976). In the instant case, that circumstantial evidence showed that appellant was in the premises in question without permission when no one was at home. See *Thompson v. State,* 563 S.W.2d 247, 250 (Tex.Cr.App.1978); *Morgan v. State,* 503 S.W.2d 770, 772 (Tex.Cr.App. 1974). Further, it showed that he presented false identification when confronted there, and that it was subsequently discovered that a bedroom had been ransacked and several small items were missing. None of these items were found in appellant's possession. Appellant fled the scene of the crime before the question of his presence there was resolved. See *Ysasaga v. State,* 444 S.W.2d 305, 308 (Tex.Cr.App. 1969); *Cawley v. State,* 166 Tex.Cr.R. 37, 310 S.W.2d 340, 342 (Tex.Cr.App.1957). We hold that these circumstances, taken collectively, are such as will support the inference that appellant intended to commit theft. The ground of error is overruled.

■ In his third and fourth grounds of error appellant contends, respectively, that he had ineffective assistance of counsel at trial, and that trial counsel's representation of a person whom appellant wished to call as an alibi witness created a conflict of interest. We will review the fourth ground of error as an ineffective assistance question.

The standard which we must apply to appellant's ineffective assistance of counsel grounds is whether or not his attorney rendered "reasonably effective assistance." *Ex Parte Duffy,* 607 S.W.2d 507, 516 (Tex. Cr.App.1980). The adequacy of an attorney must be gauged by the totality of the representation, and the allegations of ineffective assistance of counsel will be sustained only if they are firmly founded. *Johnson v. State,* 614 S.W.2d 148, 149 (Tex.Cr.App. 1981); *Faz v. State,* 510 S.W.2d 922, 926 (Tex.Cr.App.1974). Due to the nature of the allegation, each case must turn on its own particular facts and circumstances. *Mercado v. State,* 615 S.W.2d 225, 227 (Tex. Cr.App.1981). We have reviewed the entire record before us, and we find appellant's allegations regarding the quality of representation provided him at the trial court to be absolutely and totally devoid of merit.

We note a marked increase in recent months of cases where ineffective counsel is alleged. We strongly suggest that when such an allegation is under consideration by appellate counsel they first carefully reread and reflect upon the foregoing criteria which appellate courts will apply in judging such allegations. It is far easier to tell the person in the arena what he should have done than it is to foresee the precise consequences of such action. These matters should not be dealt with lightly.

The judgment of the trial court is AFFIRMED.

---

1. While we cannot sustain appellant's ground of error, we again take this opportunity to note that holding a hearing outside of the presence of the jury has become the accepted procedure to follow in these cases, *Franklin v. State,* 606 S.W.2d 818, 852 (Tex.Cr.App.1979), and the trial courts are admonished to follow the suggested procedure. *Daniels,* supra, 464 S.W.2d at 371. See *Jordan,* supra, 495 S.W.2d at 951.