**Opinion filed February 14, 2013**



## In The

# Eleventh Court of Appeals

_____

### No. 11-11-00046-CR

_____

## JUAN DAMAS RODRIGUEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 10-4033**

## M E M O R A N D U M   O P I N I O N

The jury convicted Juan Damas Rodriguez of one count of aggravated sexual assault of a child (Count 1) and two counts of indecency with a child by touching (Counts 2 and 3). The jury assessed punishment at confinement for a term of thirty-five years and a fine of $10,000 for the aggravated sexual assault offense and confinement for a term of twenty years and a fine of $5,000 for each indecency with a child offense. The trial court sentenced Appellant accordingly and ordered that the sentences run consecutively. We affirm.

*The Charged Offenses*

The indictment alleged that Appellant committed the above offenses on or about August 27, 2009. At the time of the alleged offenses, A.K. was eleven years old. Count 1 alleged that Appellant sexually assaulted A.K. by penetrating her female sexual organ with his finger. Count 2 alleged that Appellant engaged in sexual contact with A.K. by touching her genitals with his hands. Count 3 alleged that Appellant engaged in sexual contact with A.K. by touching her breasts with his hands.

*Issues on Appeal*

Appellant presents two issues for review. In his first issue, Appellant contends that the indecency with a child offense described in Count 2 was a lesser included offense of the aggravated sexual assault offense described in Count 1 and that, therefore, the trial court erred by failing to include a lesser included offense instruction in the jury charge. Based on his contention that the offense in Count 2 was a lesser included offense of the offense in Count 1, Appellant argues that his conviction for both offenses violated his double jeopardy rights. In his second issue, Appellant contends that the evidence is legally insufficient to support his conviction for indecency with a child by touching as alleged in Count 3.

*The Evidence at Trial*

In the summer of 2009, A.K. lived with her grandmother, E.R. Appellant was E.R.'s boyfriend, and he lived with E.R. and A.K. A.K. testified that Appellant stayed home with her when E.R. was at work. A.K. said that, after E.R. left for work, Appellant talked to her, kissed her on the lips, made her change into her "booty" shorts, and then touched her "tee-tee." She said that Appellant touched the outside of her private area and put his fingers inside her private area. A.K. testified that Appellant engaged in this conduct "a lot of times" and that these incidents occurred "[s]ometimes every day and sometimes not." A.K. said that Appellant did not rub on her body before he touched her "tee-tee."

A.K. testified that Appellant told her not to tell E.R. about what he was doing to her. However, she eventually told E.R about it. A.K. said that, a few weeks later, E.R. took her to see Ken Dove for counseling. A.K. said that she had previously seen Dove because she was having behavioral problems.

Dove testified that he was a qualified mental health provider. He was employed by MHMR. Dove said that he initially saw A.K. and E.R. on August 4, 2009. E.R. told Dove that A.K. was having behavioral problems.

Dove also met with A.K. and E.R. on August 31, 2009. During that counseling session, A.K. told Dove that, for the past two months, E.R.'s boyfriend had been making her kiss him, rubbing her body, and putting "his finger in [her]." When A.K. made this statement, Dove immediately stopped the session and called Child Protective Services. A CPS employee instructed him to get A.K. and E.R. to the hospital so that A.K. could be evaluated. Dove escorted them to the hospital. Dove said that E.R. refused treatment for A.K. Dove asked a nurse to call the police.

Gaines County Deputy Gene Berry and a CPS investigator, Kim Gentry, arrived at the hospital. Deputy Berry said that A.K. told him that Appellant "messed with her" and rubbed lotion all over her body. According to Deputy Berry, A.K. pointed to her breasts and female organ when she was explaining where Appellant rubbed the lotion. Deputy Berry testified that A.K also told him that Appellant hugged, kissed, and touched her. Deputy Berry stated in his police report that A.K. told him that Appellant had been kissing her and putting his finger in her vagina.

Gentry testified that A.K. told her what Appellant had done to her and that A.K. was concerned about whether E.R. was okay. Deputy Berry and Gentry took A.K. to the Midland Memorial Hospital for a sexual assault examination. Deputy Berry said that E.R. was very uncooperative and went to the hospital in Midland in a separate vehicle. Gentry said that E.R. was hostile toward her and very belligerent at the Midland hospital.

Cori Armstead, a sexual assault nurse examiner, examined A.K. at the Midland hospital. A.K. told her that "[her] grandma's boyfriend has been kissing me and touching me in the wrong spots." Armstead then asked A.K., "What are the wrong spots?" A.K. responded, "Up here and down there," and she pointed to her breasts and sexual organ. A.K. also told Armstead that Appellant touched her with his hands and that "[h]e puts his fingers inside me."

After the examination, Deputy Berry and Gentry took A.K. to a shelter. E.R did not accompany A.K. to the shelter. At the time of trial, A.K. lived with foster parents who wanted to adopt her.

Anna Taylor, a licensed professional counselor, started counseling A.K. in May 2010. A.K. told Taylor that Appellant told her to sit on his lap, that he rubbed lotion on her thighs, that he kissed her on the lips, that he put his hands down the front of her pants, and that he digitally penetrated her. A.K. also told Taylor that Appellant engaged in this conduct almost every day.

*Double Jeopardy Issue*

Count 1 of the indictment alleged that Appellant sexually assaulted A.K. by penetrating her female sexual organ with his finger. Count 2 alleged that Appellant engaged in sexual contact with A.K. by touching her genitals with his hands. In his first issue, Appellant contends that the offense described in Count 2 was a lesser included offense of the offense described in Count 1. Appellant asserts that the trial court erred by failing to submit a lesser included offense instruction that would have prevented the jury from convicting him of both of these offenses. Appellant argues that the jury charge error of failing to include such an instruction resulted in a violation of his double jeopardy right not to be punished twice for the same offense.

Appellant did not raise his double jeopardy issue in the trial court. Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). However, due to the fundamental importance of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal when the double jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serves no legitimate purpose. *Id.* at 643.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused against multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008). Article I, section 14 of the Texas Constitution provides the same double jeopardy protections as the United States Constitution. TEX. CONST. art. I, § 14; *Stephens v. State*, 806 S.W.2d 812, 814–15 (Tex. Crim. App. 1990); *Hiatt v. State*, 319 S.W.3d 115, 125 (Tex. App.—San Antonio 2010, pet. ref'd). Greater and lesser included offenses are the "same" offense for jeopardy purposes. *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994); *McCrary v. State*, 327 S.W.3d 165, 173 (Tex. App.—Texarkana 2010, no pet.). If the evidence shows that the defendant committed only one act that could be used to prove both a greater inclusive offense and a lesser included offense, the defendant cannot be

convicted of both offenses. *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998); *Elder v. State*, 132 S.W.3d 20, 23 (Tex. App.—Fort Worth 2004, pet. ref'd).

Indecency with a child is a lesser included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). Sexual contact that occurs in the course of or incident to an act of sexual penetration is subsumed in the completed act. *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); *Gonzalez Soto v. State*, 267 S.W.3d 327, 343 (Tex. App.—Corpus Christi 2008, no pet.); *Barnes v. State*, 165 S.W.3d 75, 88 (Tex. App.—Austin 2005, no pet.). Thus, touching of the genitals that occurs in the course of digital penetration of the female sexual organ is subsumed in the completed act of penetration. *Saldaña v. State*, 287 S.W.3d 43, 58 (Tex. App.—Corpus Christi 2008, pet. ref'd). If based on a single act of penetration, convictions for both the completed act of penetration and the sexual contact incident to the penetration constitute double jeopardy. *Gonzalez Soto*, 267 S.W.3d at 343; *Barnes*, 165 S.W.3d at 88. However, a person who commits more than one discrete sexual assault against the same victim may be convicted and punished for each separate act, even if the acts were committed in close temporal proximity. *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999); *Barnes*, 165 S.W.3d at 87.

Appellant contends that his convictions on Counts 1 and 2 violate the guarantee against multiple punishments for the same offense because there was no evidence that he engaged in the contact alleged in Count 2 other than as part of the penetration alleged in Count 1. He states in his brief that, "[b]ecause [he] allegedly used his fingers to commit the acts alleged in Counts 1 and 2 of the indictment, Count 2 of indecency with a child by sexual contact was consumed as a lesser included offense of Count 1 of aggravated sexual assault of a child."

The indictment alleged that Appellant committed the offenses described in Counts 1 and 2 on or about August 27, 2009. The State was not bound by the "on or about" date alleged in the indictment. *Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997). Instead, the "on or about" language in the indictment allowed the State to prove that the offenses occurred on any date that was anterior to the presentment of the indictment and that was within the statute of limitations period. *Id.* at 256. Thus, the State was allowed to prove that the offense alleged in Count 1 occurred on a different date than the offense alleged in Count 2.

A.K. testified that Appellant touched her "tee-tee." She said that Appellant touched the outside of her private area and put his fingers inside her private area and that he repeated this

conduct "a lot of times" during the summer of 2009. Based on the evidence that Appellant touched and penetrated A.K.'s sexual organ on numerous occasions, the jury could have reasonably concluded that Appellant touched A.K.'s genitals with his hands on an occasion when he did not penetrate her sexual organ with his finger. Also, the jury could have reasonably concluded that Appellant penetrated A.K.'s sexual organ with his finger multiple times and on many different dates. This conclusion would support a conviction on Count 2 for indecency with a child because proof that is sufficient to support a conviction for a greater offense necessarily supports a conviction for a lesser included offense. *Wasylina v. State*, 275 S.W.3d 908, 910 (Tex. Crim. App. 2009); *Neely v. State*, 571 S.W.2d 926, 928 (Tex. Crim. App. 1978); *Daniels v. State*, 464 S.W.2d 368, 369–70 (Tex. Crim. App. 1971). If the jury arrived at either of these conclusions, a conviction of Appellant on both Counts 1 and 2 would not violate his double jeopardy rights because the convictions would not be based on the same act of penetration. Because the evidence shows that distinct criminal acts may have supported Appellant's convictions for the offenses described in Count 1 and Count 2, any double jeopardy violation is not apparent on the face of the record. Appellant's first issue is overruled.

*Sufficiency of the Evidence*

In his second issue, Appellant contends that the evidence is legally insufficient to support his conviction for indecency with a child by touching as alleged in Count 3. We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under this standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks*, 323 S.W.3d at 899.

Count 3 alleged that Appellant engaged in sexual contact with A.K. by touching her breasts with his hands. Appellant argues that the evidence was insufficient to establish that he touched A.K.'s breasts. Deputy Berry testified as an outcry witness. He said that A.K. told him

that Appellant rubbed lotion all over her body. He also said that A.K. pointed to her breasts and female organ to show him where Appellant rubbed the lotion. A child victim's outcry statement alone can be sufficient to sustain a conviction for a sexual offense. *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991); *Chavez v. State*, 324 S.W.3d 785, 788 (Tex. App.— Eastland 2010, no pet.). Additionally, Armstead testified that A.K. told her that Appellant touched her in the "wrong spots." When Armstead asked A.K. what she meant by "wrong spots," A.K. responded, "Up here and down there," and she pointed to her breasts and sexual organ.

A.K. did not testify that Appellant touched her breasts or that he rubbed lotion on her body. Appellant relies on the lack of this testimony from A.K., as well as A.K.'s testimony that he did not rub on her body before he touched her "tee-tee," in arguing that the evidence was insufficient to support his conviction on Count 3. However, as the sole judge of the credibility of the witnesses, the jury was free to believe Deputy Berry's and Armstead's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant engaged in sexual contact with A.K. by touching her breasts with his hands. Therefore, the evidence was sufficient to support Appellant's conviction on Count 3. Appellant's second issue is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.


TERRY McCALL
JUSTICE


February 14, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

7