David Ray CROCKETT, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 48507.

Court of Criminal Appeals of Texas.

July 17, 1974.

Russell T. Van Keuren, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Dave Crump, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

McCLOUD, Commissioner.

Appeal is taken from a conviction for the misdemeanor offense of attempting to obtain a dangerous drug, to-wit: Talwin, by use of a forged prescription. Punishment was assessed by the jury at thirty days in jail and a fine of $500.00.

Appellant contends the information was fundamentally defective because Talwin was not listed as a "dangerous drug" in Section 2, Article 726d, Vernon's Ann.P.C., at the time of the alleged offense.[1] We agree.

The information alleges that appellant on or about November 26, 1971, attempted to obtain a "dangerous drug, to-wit: Talwin" by a forged prescription.

In Hart v. State, Tex.Cr.App., 396 S.W. 2d 873, the information stated merely that the defendant did "unlawfully possess a dangerous drug." This Court held the information was insufficient because it did not name a drug listed as a dangerous drug in Article 726d, Section 2, supra. The Court also noted that the defect in the information was one of substance and constituted fundamental error which could be raised for the first time on appeal.

The State argues that Talwin is a dangerous drug under the statute because in addition to the drugs listed by name in the statute a dangerous drug is also defined in Article 726d, Section 2(20) as, "Any drug or device which bears the legend: Caution: federal law prohibits dispensing without prescription. . . . " The State

contends the evidence showed that Talwin was a drug which contained such a label and that whether Talwin is a dangerous drug is a matter of proof and not of allegation. We disagree.

In the instant case the information alleged the name of the drug in question but the drug so named was not one of the "dangerous drugs" enumerated by name in Section 2, Article 726d, V.A.P.C.

If the drug in question is defined as a "dangerous drug" only because it contains the label, "Caution: federal law prohibits dispensing without a prescription . . .," then the information must contain such allegation. There is nothing in the information in the instant case informing appellant he is charged with attempting to obtain a drug containing such a label. The information merely alleged appellant was charged with attempting to obtain Talwin which was not expressly named in the statute as a dangerous drug.

The case of Fletcher v. State, Tex.Cr. App., 437 S.W.2d 849 is distinguishable. In *Fletcher*, the information alleged that the defendant possessed a "dangerous drug, to-wit: a barbituric acid derivative," and this Court held such allegation was a sufficient description of the dangerous drug allegedly possessed so as to inform the defendant of the act upon which his conviction was sought. The drug named in the information was listed as a dangerous drug in the statute. See Hayslip v. State, Tex. Cr.App., 502 S.W.2d 119.

The information in the case at bar fails to allege that appellant committed a criminal offense.

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.

---

1. See Article 726d, Section 2, V.A.P.C., as amended in Chapter 901, H.B. No. 1649, Acts of the 62nd Legislature, Regular Session, 1971. The State, in its brief, points out that the record reflects that Talwin "is a brand of pentazocine." While pentazocine was not denoted as a "dangerous drug" in the 1971 amendment to the foregoing Article, it is noted that Article 726d, V.A.P.C. as amended by the Texas Controlled Substances Act (effective August 27, 1973) lists "pentazocine, its salts, derivatives, or compounds or mixtures thereof" as a "dangerous drug."