**Melvin JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59716.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 25, 1978.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to information which charged that he did "knowingly and intentionally possess a dangerous drug, namely TETRACYCLINE". Punishment was assessed at 30 days in jail.

The record is before us without a transcription of the court reporter's notes or bills of exception. No brief was filed in the trial court in appellant's behalf pursuant to Article 40.09(9), Vernon's Ann.C.C.P., and none has been found here. There is no showing of indigency.

The term "dangerous drug" is defined by Section 2(a) of Article 4476–14, Vernon's Ann.Civ.St. There it is stated:

"The term 'dangerous drug' means any drug or device that is not included in Schedules I through V of the Texas Controlled Substances Act and that is unsafe for self-medication, and includes the following:

"(1) Tranquilizers.

"(2) Procaine, its salts, derivatives, or compounds or mixtures thereof except ointments and creams for topical application containing not more than two and one-half percent (2½%) strength.

"(3) Any drug or device which bears the legend: Caution: federal law prohibits dispensing without prescription, or the legend: Caution: federal law restricts this drug to use by or on the order of a licensed veterinarian.

"(4) Phendimetrazine, its salts, derivatives, or compounds or mixtures thereof.

"(5) Pentazocine, its salts, derivatives, or compounds or mixtures thereof."

It may be seen that the statute does not specifically designate Tetracycline as a dangerous drug.

In *Crockett v. State,* 511 S.W.2d 519 (Tex. Cr.App.1974), the defendant was convicted for the misdemeanor offense of attempting to obtain a dangerous drug, to-wit: Talwin, by use of a forged prescription. The defendant contended that the information was fundamentally defective because Talwin was not listed as a "dangerous drug" in Section 2, Article 726d, Vernon's Ann.P.C. (1925), the forerunner of Section 2, Article 4476–14, supra. The State argued that Talwin was a dangerous drug under the statute because, in addition to the drugs listed by name in the statute, a dangerous drug was also defined as "any drug or device which bears the legend: Caution: federal law prohibits dispensing without prescription. . . ." The State further contended that the evidence showed that Talwin was a drug which contained such a label and that whether Talwin was a dangerous drug was a matter of proof and not of allegation. This Court disagreed, stating:

"In the instant case the information alleged the name of the drug in question but the drug so named was not one of the 'dangerous drugs' enumerated by name in Section 2, Article 726d, V.A.P.C.

"If the drug in question is defined as a 'dangerous drug' only because it contains the label, 'Caution: federal law prohibits dispensing without a prescription . . ,' then the information must contain such allegation. There is nothing in the information in the instant case informing appellant that he is charged with attempting to obtain a drug containing such a label. The information merely alleged appellant was charged with attempting to obtain Talwin which was not expressly named in the statute as a dangerous drug.

\*     \*     \*     \*     \*     \*

The information in the case at bar fails to allege that appellant committed a criminal offense."

Based on the decision in *Crockett v. State, supra,* the judgment in the instant case is reversed, and and the prosecution under the present complaint and information is ordered dismissed.