Gary Michael PARRISH, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 66495 to 66498.

Court of Criminal Appeals of Texas,
Panel No. 1.

April 15, 1981.

James A. Johnston, Dallas, court appointed on appeal, for appellant.

Henry Wade, Dist. Atty., Jeffrey B. Keck, and Jim Johnson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

OPINION

ROBERTS, Judge.

The appellant was charged in separate indictments with three acts of delivering a controlled substance and one act of delivering a dangerous drug. These offenses were prosecuted in a single criminal proceeding. The appellant entered a plea of guilty to each offense; the jury assessed his punishment at fifteen years in Cause No. 66,495 (delivery of heroin), twelve years in Cause No. 66,496 (delivery of lysergic acid diethylamide), five years in Cause No. 66,497 (delivery of tetrahydrocannabinols), and two years in Cause No. 66,498 delivery of diphenhydramine).

The appellant contends that the trial court erred in failing to grant his motion to quash the indictment in Cause No. 66,498 on the ground that the indictment did not charge the commission of an offense. The

indictment in Cause No. 66,498 alleged that the appellant did:

"knowingly and intentionally deliver a dangerous drug, namely diphenhydramine, to J. Dermedy."

The term "dangerous drug" was defined at the time of this offense by Section 2(a) of Article 4476–14, Tex.Civ.Stat.Ann. (1973). That statute did not specifically designate diphenhydramine as a dangerous drug. In addition to drugs listed by name in the statute, a dangerous drug was also defined as "any drug or device which bears the legend: Caution: federal law prohibits dispensing without prescription, or the legend: Caution: federal law restricts this drug to use by or on the order of a licensed veterinarian." There was no allegation in the instant case that diphenhydramine bore such a legend. The indictment in Cause No. 66,498 failed to charge an offense. *Jackson v. State*, 572 S.W.2d 551 (Tex.Cr.App.1978); *Crockett v. State*, 511 S.W.2d 519 (Tex.Cr.App.1974). The trial court erred in denying the appellant's motion to quash.

■ The appellant contends that since the offense alleged in Cause No. 66,498 was improperly submitted to the jury for assessment of punishment, the convictions in all four cases must be reversed. The harm perceived by the appellant was that the jury heard evidence relating to four offenses instead of only three. These offenses were consolidated for trial before the same jury without objection from the appellant. Having failed to request a separate trial in Cause No. 66,498 or to object to the joint trial of these offenses, the appellant has waived any complaint to the submission of these offenses to a single jury. *Jones v. State*, 480 S.W.2d 623 (Tex.Cr.App.1972); *Royal v. State*, 391 S.W.2d 410 (Tex.Cr.App. 1965).

■ The appellant also contends that the trial court erred in refusing to allow him to develop testimony relevant to the proper assessment of punishment. At the punishment phase the appellant's sister testified concerning her parents' past marital problems and her family's relationship with the appellant. She was then asked:

"Q. Why do you feel that now as opposed to in the past you are in a better position to help him [the appellant] help himself?

"A. Because at last my parents have decided to seek marital counseling to help themselves."

The trial court instructed the jury to disregard this response. The appellant asserts that the excluded testimony was admissible in mitigation of punishment and that its exclusion was error. Even if the excluded testimony was admissible, we cannot conclude, in light of the entire record, that the trial court's action constituted such error as to call for a reversal. *Allaben v. State*, 418 S.W.2d 517 (Tex.Cr.App.1967). This ground is overruled.

The judgment in Cause No. 66,498 is reversed and the indictment is dismissed; the judgments in Cause Nos. 66,495, 66,496 and 66,497 are affirmed.