**Hayward ALEXANDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00117 CR.**

Court of Appeals of Texas, Dallas.

Dec. 17, 1981.

Archie L. Cofer, Dallas, for appellant.

R. Kristin Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

This is an appeal from a conviction by a jury for possession of heroin in which appellant's punishment, enhanced by two prior convictions, was set at life imprisonment in the Texas Department of Corrections. We affirm.

On January 9, 1978, Officer Jackson Ray Martin of the Dallas Police Department was assigned to the Vice Control Division, Drug Abuse Section. At approximately 8:40 p. m. on that date he received a telephone call from an unnamed informant whom he had known and used for approximately a year and who had always given him accurate information. The informant advised him the appellant was in the vicinity of the 1800 block of Record Crossing in his Corvette and that he had some heroin in his Corvette in a bank bag. The informant also told Officer Martin that he had just seen the heroin inside the Corvette within the past five minutes, and that appellant was about to leave the location and that he did not know if Martin would be able to catch appellant before he left.

Officer Martin further testified that based on his training and experience it

would take forty-five minutes to an hour for him to draw up an affidavit, find a magistrate and attempt to obtain a search warrant based on what the informant had told him. Accordingly, Officer Martin, Sergeant T. G. Sherman and Sergeant Penn went directly to the location given by the informant, which took about fifteen minutes. The Corvette was not at the exact location but was parked in the 1700 block of Chattanooga, which is parallel to Record Crossing, and one block south of Record Crossing. The officers then drove to the 1900 block of Chattanooga and set up surveillance. Five minutes elapsed before they saw appellant enter the driver's side of the vehicle and a female enter the passenger's side of the automobile. The appellant drove away. Officer Martin pursued the appellant and stopped the car. Appellant and the passenger were told to get out of the car, which they did. Officer Sherman testified that appellant and the passenger were arrested at that time. Appellant was taken to the rear of the vehicle and frisked for weapons. The car was then searched on the inside. A .38 caliber pistol was seen in open view between the console and the drivers seat. A white bank bag was found under some clothing in the rear deck area of the Corvette. Officer Martin opened it and discovered $904.24 in it and a match box which contained five spoons of heroin and a larger packet of heroin valued at $4400.00.

■ In his first ground of error appellant complains of the trial court's failure to suppress the evidence of the heroin because the evidence was obtained as the result of an unlawful search and seizure. We hold, however, that the informant's information provided probable cause for the officers to stop and search appellant's automobile. Probable cause existed because of the specific and reliable nature of the information received, which caused the officers to believe that appellant was committing an offense. Considering the time necessary to obtain a warrant, the time to reach the location where appellant was with the heroin, plus the mobility of the automobile, exigent circumstances clearly existed which mandated that the officers proceed at once to arrest appellant without obtaining a warrant and make a search of the automobile. *Scott v. State*, 531 S.W.2d 825 (Tex.Cr.App. 1976); *Reed v. State*, 522 S.W.2d 916 (Tex. Cr.App.1975). *Carroll v. U. S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed.2d 543 (1925).

■ We hold further that the warrantless search of the passenger compartment of the automobile and the bank bag found therein was incident to the arrest; therefore the evidence was properly admitted. In *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) the Supreme Court stated:

> Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.[4]
>
> Note 4. "Container" here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk. Id. at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775.

Appellant's first ground of error is overruled.

■ By his third ground of error appellant complains that the trial court erred in overruling appellant's motion for a continuance so that a chemist of defendant's choice could examine the alleged controlled substances. The case was set for trial on October 17, 1979. The appellant filed a notice of motion for discovery and inspection on October 5, 1979. On October 17, 1979, the trial date, appellant filed a motion for continu-

ance on the ground that the chemist would require two weeks notice to analyze the alleged heroin. The motion for continuance referred back to the October 5, 1979, motion for inspection. Appellant contends that he was prejudiced because his October 5 motion was not acted upon due to an alleged practice in Dallas County of hearing defense motions just prior to trial. We cannot agree that error is presented.

It was incumbent upon appellant to produce evidence of that practice in Dallas County so that we may determine whether his case had been prejudiced by the inability to produce the analysis by the appellant's chemist at trial. In the absence of such a showing, we cannot determine if the denial of the motion for continuance constituted reversible error. *Leach v. State*, 548 S.W.2d 383 (Tex.Cr.App.1977). Appellant's third ground of error is overruled.

■ In his fourth ground of error the appellant contends that the trial court erred in refusing to charge the jury on circumstantial evidence. While on its face this would appear to be a circumstantial evidence case in which such a charge would be required, examination of the record reveals that there is direct evidence of possession of the heroin by appellant. During appellant's cross-examination of the arresting officer the following occurred:

Q. Can you say, Officer Martin, from your own personal knowledge that this man had any knowledge of the fact that that bank bag was in his car?

A. From the conversation, yes, sir, I can. From later conversations with the defendant.

Q. With the defendant or the informant?

A. With the defendant.

Q. You're saying that he told you he had the bag, is that what you said?

A. Yes, sir, that is correct.

Q. Where were you when he said this?

A. I was in my office downtown in City Hall.

On redirect examination the arresting officer further testified:

Q. (By Mr. Byrne): Now, Officer, what was that conversation you had with him at the station when you were talking about—you were down at the police station?

A. Yes, sir, that is correct.

Q. Is that while you were processing him?

A. Yes, sir, that is correct.

Q. You talked to him about the bank bag and the heroin?

A. Yes, sir, that is correct.

Q. Do you remember exactly what you said to him?

A. I don't remember word for word what was said, no, sir.

Q. Just tell us what he said to you as best you can remember.

A. He told me he had obtained the heroin from Johnny Boyd Smith.

Q. Is he known as Johnny B?

A. Yes, sir, that is correct.

This testimony is direct evidence that appellant possessed the heroin.[1] If appellant possessed the bank bag, then he possessed its contents, including the heroin. Further, the appellant named the source of the heroin in the bank bag. This also is direct evidence of possession of the heroin.

Moreover, there is no doubt that appellant claimed ownership of the contents of the bank bag. At trial the prosecutor interrogated the arresting officer concerning what purported to be a photostatic copy of the prisoner activity report of the appellant kept at the jail. The appellant objected that the photostat was not the best evidence. The photostat was not marked as an exhibit nor was any effort made to introduce the photostat into evidence. But, without objection from appellant, the arresting officer, in reference to the money found in the bank bag, testified:

[1] It cannot be said that this testimony is in violation of Art. 38.22 of the Code of Criminal Procedure (Vernon 1979). Appellant brought out this testimony for the first time on cross-examination. *Guzman v. State*, 567 S.W.2d 188 (Tex.Cr.App.1978).

Q. What did you do with the money?

A. I took the money with the prisoner information, released it to the jail guard at that location with the prisoner.

Q. Can you tell us what happened to the money after you released it to the jail guard?

A. Not from personal knowledge just from what I see on here.

Q. What do the records reflect happen to to the money?

A. It reflects that at 11:25 p. m. on January 9th, 1978 that Haywood Alexander released the money to Willie I believe that is (Spelling) M O Y E.

Q. Willie Moye?

A. Yes.

Q. Haywood George Alexander claimed that money as his money and authorized the release of the $904.00 to one Willie Moye?

A. Yes.

Q. That's within 2 and a half hours after you arrested him?

A. Yes, sir, that is the correct.

Q. Thats the same $904.00 that was in the bank bag along with heroin, is that correct?

A. Yes, sir, that is correct.

This testimony is direct evidence that appellant possessed the heroin. If appellant claimed the money as his to release to another, then he possessed the remaining contents of the bank bag, to wit, the heroin.

We conclude that the quoted testimony is direct evidence of possession of the heroin by appellant. Thus, no charge on circumstantial evidence was required. *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App.1977). The appellant's fourth ground of error is overruled.

■ In his fifth ground of error appellant complains of the trial court's refusal to require the State to disclose the identity of the informant. The identity of an informant need not be disclosed unless (1) the informant participated in the offense; (2) was present at the time of the offense or arrest; or (3) was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged. *Etchieson v. State*, 574 S.W.2d 753 (Tex.Cr.App.1978). In the present case none of these circumstances have been shown. There was no showing that the informant was instrumental in effecting appellant's possession of the heroin, that the informant was a material witness to the offense, or to appellant's knowing involvement herein. Evidence, not conjecture or speculation, is required to make the requisite showing. *Gaffney v. State*, 575 S.W.2d 537 (Tex.Cr.App.1978). Appellant's fifth ground of error is overruled.

■ In his sixth ground of error appellant complains that the trial court erred in admitting the heroin into evidence because the State failed to show an unbroken chain of custody from the white bank bag to the chemist-witness. Nowhere does appellant state where or how the chain was broken. We have examined the record and conclude that the State showed an unbroken chain of custody from the white bank bag to the chemist-witness. Appellant's sixth ground of error is overruled.

■ In his second ground of error appellant challenges the sufficiency of the evidence. The appellant was in control of the automobile as well as its owner and driver. This evidence together with appellant's statement as to the source of the heroin and appellant's act of releasing the money found in the bank bag is sufficient to sustain the conviction.

■ Appellant is represented by counsel who filed a brief in the case.[2] There is no right to hybrid representation. The *pro se* briefs therefore present nothing for review. *Landers v. State*, 550 S.W.2d 272 (Tex.Cr. App.1981); *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981). An examination of the contentions asserted in appellant's *pro se*

2. We note that in his *pro se* motion to assist counsel and/or motion to proceed as co-counsel filed in the trial court appellant stated that he is not requesting a hybrid representation.

briefs reveal no error that should be considered in the interest of justice.

Affirmed.