Curtis O'Neal GATES, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0087–CR.

Court of Appeals of Texas,
Tyler.

Oct. 28, 1982.

Janet M. Seymour, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, James Jordan, Asst. Dist. Attys., Houston, for appellee.

McKAY, Justice.

This is an appeal from a conviction for aggravated robbery. After the jury's return of a guilty verdict, punishment was assessed by the court at 20 years' confinement in the Texas Department of Corrections. The sufficiency of the evidence to support the conviction is not challenged.

The evidence adduced at trial reveals that sometime after 3:00 p.m. on January 21, 1979, Dorothy Lindsey was driving home, accompanied by her daughter, Sherry Killings, who was sitting in the front seat, Ms. Killings' young daughter Shamica standing in the floor of the back seat, and Ms. Lindsey's niece, who was sitting in the back seat holding her own infant child. Ms. Lindsey was driving a 1975 Cutlass, which she owned. She stopped at a drive-in grocery near her home and went in, leaving the others in the car. While Ms. Lindsey was in the store, Ms. Killings first noticed appellant wandering around in front of the store and looking in cars. She paid no further attention to him until he approached the driver's side of the car and asked them to move away from the car. Ms. Killings got out to go into the store and warn her mother, but appellant called her back. When she got back into the car, she saw the man had

a pistol, which he was pointing at her child's head. Appellant then ordered Ms. Killings out of the car again. She was standing at the open passenger door, bending to see inside the car, when Ms. Lindsey returned to ask for her purse. She did not notice the man in the driver's seat at first, but then Ms. Killings said "Mama, he is taking your car," and ran. At this point the niece also jumped out of the back seat with her infant and ran. Ms. Lindsey then testified, "I was bending over like that when I bent over, he had a gun at Shamica's head. He had put it in reverse and was backing up and I am standing in the door and I grabbed her by the arm like this and I jerked her out of the car." Appellant then drove the car away.

Appellant was arrested in San Angelo about a month later for being drunk in public. When the officers discovered that the car appellant was driving had been reported stolen in Houston, appellant was taken there for trial.

Both Ms. Lindsey and Ms. Killings made positive in-court identifications of appellant as the man who pointed the gun at Shamica and took the car. Both gave descriptions which generally fit appellant.

Prior to trial, appellant filed a written pro se motion to suppress any identification testimony, alleging that he had been subjected to a lineup without counsel or valid waiver of counsel; said motion alleging that his waiver of counsel at the lineup was procured "through coercion and improper admonition concerning waiver of counsel." His motion further alleged that the lineup had been so impermissibly suggestive as to lead to irreparable misidentification, denying him due process of law. The trial court refused to grant appellant a hearing on his motion prior to trial, stating that it would grant a hearing on it if identification evidence was offered and objected to at trial. When Killings and Lindsey were asked to identify appellant in court and appellant objected, the court overruled the objection and refused to conduct a hearing.

Appellant's second ground of error complains the trial court erred in denying appellant a hearing on his motion to suppress identification testimony. He cites *Martinez v. State,* 437 S.W.2d 842 (Tex.Cr.App.1969) in support of his contention that such hearing was required. In *Martinez* at p. 848, the court stated:

> It is recommended that ... once the in-court identification of the accused is sought to be introduced and the court is apprised that the identification is questioned on the basis of a prior police station or lineup identification, then upon motion of the defense counsel a hearing *should* be held outside the presence of the jury. The issue of admissibility should be determined before such evidence is placed before the jury. Should the court, at such hearing, determine that such identification at the police station or elsewhere was violative of the Wade and Gilbert mandates or of due process, then the prosecution is precluded from offering any evidence of *such identification* before the jury. (Emphasis added.)

The record is barren of any evidence whatsoever concerning the lineup. Specifically, there is no evidence of how the lineup was conducted; whether formal charges had been filed prior thereto; or how the waiver of counsel, which itself does not appear in the record, was obtained. There is not one word of testimony in the record referring to the lineup, and appellant did not attempt to show by cross-examination that the witnesses' in-court identifications were influenced thereby. In fact, the only mention of the lineup in the entire record is in appellant's motion, which merely states conclusively that the lineup was "suggestive" and that the waiver of counsel was "coerced." Appellant made no bill of exceptions or offer of proof under Art. 40.09, § 6(d)(1), Tex.Code Crim.Pro.Ann. to reflect what he intended to show if the court had granted his hearing. Allegations in a brief which are not supported in the record will not be accepted as fact. *Herrin v. State,* 525 S.W.2d 27, 29 (Tex.Cr.App.1975); *Washington v. State,* 500 S.W.2d 485, 487 (Tex. Cr.App.1973); *Devereaux v. State,* 473 S.W.2d 525, 527 (Tex.Cr.App.1971).

■ The witnesses made positive, unequivocal in-court identifications of appellant, with no reference to the lineup. The record reflects that the witnesses had adequate opportunity to observe appellant in daylight and at close range at the time of the offense. We conclude that the record here furnishes clear and convincing evidence that the in-court identifications were of independent origin and were not tainted by the lineup identification. *Bermudez v. State,* 533 S.W.2d 806, 808 (Tex.Cr.App. 1976); *Brown v. State,* 513 S.W.2d 35, 37–8 (Tex.Cr.App.1974); *Jordan v. State,* 495 S.W.2d 949, 951–2 (Tex.Cr.App.1973).

■ We agree with the holding in *Daniels v. State,* 464 S.W.2d 368, 371 (Tex.Cr. App.1971), admonishing the trial courts to follow the procedure suggested in *Martinez v. State, supra,* when the status of an in-court identification is properly objected to and the trial court's attention is directed thereto. However, we find no reversible error in the record as presented here, and accordingly appellant's second ground of error is overruled.

In his first ground of error appellant contends that the court's charge was fundamentally defective because it allowed the jury to convict upon lesser facts than those alleged in the indictment. The indictment alleged that appellant threatened and placed Killings in fear of imminent bodily injury *and* death. The court's charge authorized conviction if the jury found appellant threatened or placed Killings in fear of imminent bodily injury *or* death. Appellant's argument is that, although the State was not required to prove both imminent bodily injury *and* death to obtain a conviction under Art. 29.02(a)(2), Tex.Penal Code Ann. (Vernon 1974), having chosen to plead in the conjunctive the State was bound to prove both. Appellant further contends that authorizing the jury to convict on proof of fear of imminent bodily injury *or* death allows the State to obtain a conviction on proof of less than all the facts alleged in the indictment. We find no merit in appellant's contentions.

■ Appellant admits that he failed to object to this part of the charge at trial, thus our review is restricted to a consideration whether the charge presents fundamental error. *Rubio v. State,* 607 S.W.2d 498, 502 (Tex.Cr.App.1980); *Thomas v. State,* 605 S.W.2d 290, 294 (Tex.Cr.App. 1980). Fundamental errors are those calculated to injure the rights of a defendant or deprive defendant of a fair and impartial trial. Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1981); *Hanks v. State,* 625 S.W.2d 433, 435 (Tex.App.—Houston [14th Dist.] 1981, no pet.); *Thomas v. State,* 599 S.W.2d 812, 814 (Tex.Cr.App.1980).

In discussing fundamental error in the court's charge, the court held in *Sattiewhite v. State,* 600 S.W.2d 277, 285 (Tex.Cr.App. 1980):

> If not otherwise faulty, a charge of the court that requires the jury to find each essential element of the offense charged and comports with the legal theory presented by the State through evidence that proves every factual allegation made in the charging instrument is not fundamentally defective, for the accused has been apprised of everything that due process and due course of law mandate.

The relevant portion of Section 29.02, Tex. Penal Code Ann. (Vernon 1974) provides as follows:

> (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he: ...
> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury *or* death. (Emphasis added).

■ In the instant case, the indictment alleged and the proof showed that appellant engaged in conduct that constituted each essential element of aggravated robbery. Sherry Killings testified that appellant placed her in fear of imminent bodily injury *and* death. Likewise the charge required the jury to find each essential element under the Penal Code, and it comports with the State's legal theory and its evidence

presented at trial. Under the statute, proof of fear of either imminent bodily injury or death is sufficient to establish that element of the offense of aggravated robbery. Therefore it is not error for the trial court to charge the jury in the disjunctive language of the statute, substituting the word "or" for the word "and" found in the indictment. *Hill v. State,* 625 S.W.2d 803, 808–9 (Tex.App.—Houston [14th Dist.] 1981, *aff'd on other grounds,* 640 S.W.2d 879, 1982); see also *Cowan v. State,* 562 S.W.2d 236, 239–40 (Tex.Cr.App.1978); *Mott v. State,* 543 S.W.2d 623, 626 (Tex.Cr.App.1976). Here the accused was apprised of everything that due process and due course of law mandate. The error, if any, was not calculated to injure the rights of appellant or deprive him of a fair and impartial trial. Therefore, no fundamental error is shown and appellant's first ground of error is overruled. Art. 36.19, Tex.Code Crim.Pro.Ann. (Vernon 1981).

The judgment is affirmed.