**James JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–83–139 CR.**

Court of Appeals of Texas,
Beaumont.

Dec. 19, 1984.

Stephen Walley, Silsbee, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted by a jury of delivery of a controlled substance. The jury assessed punishment at five years in the Texas Department of Corrections. Ap-

pellant perfected appeal to this Court alleging fourteen grounds of error.

■ The first six grounds of error take issue with the trial court's disposition of the appellant's "motion to suppress identification". The trial court dealt with the motion in the following manner:

"[THE COURT]: The next motion is a motion for an identification hearing based on a lineup, either a photo or a person lineup.

"Did the State's witnesses attend a lineup?

"[STATE'S ATTORNEY]: Your Honor, to my knowledge none of the State's witnesses for the case-in-chief attended any type of lineup with a photo spread or a live lineup.

"THE COURT: That motion will be denied."

The trial court certainly did not follow the procedure suggested in *Martinez v. State*, 437 S.W.2d 842, 848 (Tex.Crim.App. 1969). *See also Franklin v. State*, 606 S.W.2d 818 (Tex.Crim.App.1978); *Jordan v. State*, 495 S.W.2d 949 (Tex.Crim.App.1973); and *Daniels v. State*, 464 S.W.2d 368 (Tex. Crim.App.1971). Therefore, there was no "hearing" as such. Two different courts of appeals have addressed the issue of denial of a hearing outside the presence of the jury. *Gates v. State*, 643 S.W.2d 183 (Tex.App.—Tyler 1982, no writ), and *Garcia v. State*, 649 S.W.2d 70 (Tex.App.—Corpus Christi 1982, no writ). *Garcia, supra,* held that the language in *Martinez, supra,* constitutes a suggested practice and was not mandatory. This opinion was rendered in light of *Watkins v. Sowders*, 449 U.S. 341, 101 S.Ct. 654, 66 L.Ed.2d 549 (1981), which held that while a judicial determination of the admissibility of identification evidence outside the presence of the jury is advisable, the Constitution does not require a per se rule compelling such a procedure.

The record contains no evidence whatsoever of a lineup. Appellant did not attempt to show by cross-examination that the wit-

nesses' in-court identifications were tainted by any prior identification. Appellant made no bill of exceptions or offer of proof under *TEX.CODE CRIM.PROC.ANN. art. 40.09, sec. 6(d)(1)* (Vernon Supp.1984). *See Gates supra.* Appellant made no objection[1] to the in-court identification of the appellant by the witnesses. Appellant's grounds of error numbers one through six are overruled.

■ Appellant's seventh ground of error alleges the trial court erred in allowing the State to ask their chemist if a "street name" of Pentazocine is "synthetic morphine". Before a conviction will be reversed the question propounded must obviously be harmful. *Sensabaugh v. State*, 426 S.W.2d 224 (Tex.Crim.App.1968). In deciding this question, each case must be considered on its own and the entire record with the surrounding circumstances and their possible relationship to other testimony must be looked at in order to determine the probability or possibility of injury. *Wood v. State*, 511 S.W.2d 37 (Tex.Crim. App.1974). Having done this, we find no reversible error and overrule ground of error number seven.

In ground of error number eight, the appellant asserts the trial court erred in restricting the appellant's counsel's cross-examination of a witness in two instances. Even if the questions were relevant and the answers thus admissible, we cannot conclude, in light of the entire record, that the trial court's exclusion constitutes reversible error. *Parrish v. State*, 614 S.W.2d 161 (Tex.Crim.App.1981). Ground of error number eight is overruled.

■ Appellant's grounds of error nine and ten complain of the trial judge's refusal to submit requested instructions regarding an "extraneous alibi" and an "extraneous offense". It is proper to refuse to give special requested charges which are vague and misleading and do not directly state the law. *Gill v. State*, 670 S.W.2d 758, 761

---

1. Appellant did reurge his request for a hearing outside the presence of the jury, which was

overruled.

(Tex.App.—Corpus Christi 1984, no writ). *See also Stewart v. State,* 438 S.W.2d 560 (Tex.Crim.App.1969). The trial court gave proper instructions. Grounds of error nine and ten are overruled.

■ Appellant's next ground of error is as follows: "The trial judge erred in not suppressing certain comments of the district attorney of [sic] the trial judge's own motion."

Appellant, apparently recognizing that there is much authority requiring an objection in order to preserve error, asks this Court to impose a duty upon the trial judge to "suppress certain comments of the district attorney" absent a proper objection. This we decline to do. *See Sanchez v. State,* 589 S.W.2d 422 (Tex.Crim.App.1979). Appellant's ground of error eleven is overruled.

■ Appellant's twelfth ground of error apparently questions the sufficiency of the evidence regarding the name alleged in the indictment and the proof of the appellant's association with the name "James Jones". After reviewing the complete record and in consideration of the standard for review enumerated in *Banks v. State,* 510 S.W.2d 592 (Tex.Crim.App.1974), and restated in *Combs v. State,* 643 S.W.2d 709 (Tex.Crim. App.1982), we find the evidence sufficient to sustain the verdict. Ground of error number twelve is overruled.

■ Ground of error thirteen claims cumulative error. This ground does not comply with *TEX.CODE CRIM.PROC.ANN. art. 40.09, sec. 9* (Vernon Supp.1984), and will not be reviewed. *Love v. State,* 533 S.W.2d 6 (Tex.Crim.App.1976).

■ Appellant's final ground of error concerns the overruling of appellant's objection to the State's attorney's question relating to the means of introducing "sets"[2] into the human body. Appellant's trial objection was to relevancy. We find the question to be relevant in terms of enabling the jury to understand the nature and circumstances of the offense. Rele-

vant evidence, admissible during the punishment hearing, is not limited to evidence of appellant's prior criminal record, character and reputation. *Basaldua v. State,* 481 S.W.2d 851 (Tex.Crim.App.1972). Ground of error number fourteen is overruled.

The judgment of the trial court is affirmed.

Affirmed.

---

2. "Sets" is the street name for the mixture of Tripellanimine and Pentazocine.