**Ex parte Charlotte Yvonne SMITH.**

**No. 69439.**

Court of Criminal Appeals of Texas, En Banc.

June 26, 1985.

Sharon E. Giraud, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Russell Saunders, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

This is a post conviction application for writ of habeas corpus, pursuant to Art. 11.07, V.A.C.C.P.

On August 22, 1983, applicant pleaded guilty to delivery of a dangerous drug, namely, Lidocaine. She was sentenced to ten years' confinement, probated for ten years. On August 7, 1984, her probation was revoked.

Applicant contends, and the State agrees, that the indictment upon which her conviction rests is fundamentally defective.

The indictment charges that applicant: ... did then and there intentionally and knowingly deliver by actually transferring a dangerous drug, to-wit: Lidocaine, ...

Art. 4476–14, Sec. 2(a), V.A.C.S., defines a dangerous drug as a drug or device that is not included in Penalty Groups I through IV of the Texas Controlled Substances Act, but includes the following:

(1) Procaine, its salts, derivatives or compounds or mixtures thereof except ointments and creams for topical application containing not more than two and one-half percent (2½%) strength.

(2) Any drug or device which bears or is required to bear the legend: Caution: federal law prohibits dispensing without prescription, or the legend: Caution: federal law restricts this drug to use by or on the order of a licensed veterinarian.

See also Art. 4476–15, Sec. 2.17, V.A.C.S.

If an indictment charges delivery of a dangerous drug that is not specifically named in Sec. 2(a), but is defined as a dangerous drug because it bears or is required to bear the legend: Caution: federal law prohibits dispensing without prescription, the indictment must so state. *Parrish v. State,* 614 S.W.2d 161 (Tex.Cr.App. 1981); *Ex Parte Wilson,* 588 S.W.2d 905 (Tex.Cr.App.1979); *Jackson v. State,* 572 S.W.2d 551 (Tex.Cr.App.1978).

Lidocaine is not specifically named in the statute and the indictment in the instant case does not allege that Lidocaine bore the aforementioned legend. The indictment does not charge an offense. *Parrish,* supra. The fundamentally defec-tive indictment is subject to collateral attack. *Ex Parte Charles,* 582 S.W.2d 836 (Tex.Cr.App.1979).

The relief sought is granted. The conviction in Cause No. 199932R is set aside and the indictment in Cause No. 199932R in the 213th District Court of Tarrant County is ordered dismissed.

It is so ordered.